

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00288-CV

BOHDAN RUDAWSKI                                                          APPELLANT

V.

WOUND MANAGEMENT                                                          APPELLEE
TECHNOLOGIES, INC.

----------

### FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Bohdan Rudawski attempts to appeal from the trial court's June 14, 2013 order denying his special appearance. Appellant's notice of appeal was due July 5, 2013, but he filed it on August 19, 2013. *See* Tex. R. App. P. 26.1(b) (stating that in an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed); *see also* Tex. R. App. P. 28.1(b) (stating that filing a request for findings of fact will not extend the time to perfect an accelerated appeal).

---

[1]*See* Tex. R. App. P. 47.4.

On August 20, 2013, we sent a letter to appellant, informing him of our concern that we might not have jurisdiction over the appeal because his notice of appeal appeared to be untimely. We informed him that unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal by August 30, 2013, we could dismiss the appeal for want of jurisdiction.

On September 16, 2013, we received a response, but it does not show grounds for continuing the appeal.[2] Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: October 3, 2013

---

[2]Although appellant contends that an interlocutory appeal under civil practice and remedies code section 51.014(a)(7) does not have specific time limits for perfection of appeal in the statute, this section must be read in connection with the rules of appellate procedure, which provide for the exercise of our jurisdiction upon the timely filing of a notice of appeal. *See* Tex. R. App. P. 25.1(b), 26.1(b), 28.1(a), (b). The 2008 comment to rule 28.1 specifically addresses the interplay between statutory interlocutory appellate deadlines and the deadlines set out in the rules of appellate procedure. *See* Tex. R. App. P. 28.1 cmt.; *see also Preston v. Choctaw Ambulance Auth.*, No. 02-05-00423-CV, 2006 WL 133538, at *1 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (mem. op.) (dismissing interlocutory appeal of special appearance order because untimely notice of appeal deprived court of jurisdiction).